IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-00393-WS |
| | ) |
| THOMAS DAVID LUNCEFORD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant's Motion for Severance Due to Prejudicial Joinder (doc. 68). The Motion has been briefed and is ripe for disposition.

**I.     Background.**

The Superseding Indictment (doc. 108) charges defendant, Thomas David Lunceford, with violating the federal arson statute, 18 U.S.C. § 844(i), by maliciously damaging and destroying by means of fire the building that housed Nick's Restaurant in Gulf Shores, Alabama on or about November 8, 2007. In addition, Lunceford is charged with three counts of obstruction of justice, in violation of 18 U.S.C. § 1512(d)(4). The obstruction counts allege that Lunceford intentionally harassed two Bureau of Alcohol Tobacco and Firearms agents and one Alabama Deputy State Fire Marshal who were investigating him in connection with the Nick's Restaurant fire, by sending Valentine's Day cards to each of them on or about February 13, 2008. Each card had preprinted language referencing the monitoring of phone calls and emails, with an inscription reading, "HOW'S IT FEEL WHEN THE SHOE IS ON THE OTHER FOOT HAPPY VALENTINE'S DAY, !!!GUESS WHO!!!".

Lunceford now seeks to have the arson charge severed from the obstruction charges for purposes of trial, pursuant to Rule 14(a), Fed.R.Crim.P.[1] As grounds for this request, Lunceford maintains that he "wishes to testify as to his intent with respect to the Valentine's cards" by

---

[1] In his Reply (doc. 78), Lunceford clarifies that he is not arguing that joinder of these offenses was improper under Rule 8(a), Fed.R.Crim.P., but that his Motion is confined to Rule 14(a), which authorizes severance of offenses in circumstances of prejudicial joinder.

explaining that "he thought the cards were funny and would be universally viewed as a joke." (Doc. 68, at 5.)  By contrast, Lunceford does not wish to testify concerning the arson charge because "there is no benefit and enormous risks for Lunceford to testify regarding the fire given that the government's evidence with respect to the arson charge is entirely circumstantial." (*Id.*) Lunceford contends that if the arson and obstruction charges are tried together, then he would be prejudiced because he could not testify on the obstruction charges without inviting comment to his silence on the arson charge.  Lunceford also suggests that, by testifying on the obstruction charges, he could be deemed to have waived his Fifth Amendment privilege with respect to circumstances surrounding the fire.  For these reasons, defendant asserts that the joinder of arson and obstruction charges in a single trial would be prejudicial to him, and moves for separate trials on the two sets of charges.

## II.     Analysis.

As noted, Lunceford's request for severance is governed by Rule 14(a), which provides in pertinent part that if joinder of offenses "appears to prejudice a defendant ..., the court may order separate trials of counts ... or provide any other relief that justice requires." Rule 14(a), Fed.R.Crim.P.; *see also United States v. Smith*, 918 F.2d 1551, 1559 (11th Cir. 1990) ("When it appears that a defendant is prejudiced by joinder of offenses ..., a district court may grant a severance."). The grant or denial of a defense motion to sever counts for trial "is within the discretion of the trial court." *United States v. Benz*, 740 F.2d 903, 911 (11th Cir. 1984); *see also United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983) (motion for severance under Rule 14 "is a matter for the sound discretion of the trial judge").

The law in this Circuit is clear that "[s]everance is not mandatory simply because a defendant indicates that he wishes to testify on some counts but not on others." *United States v. Hersh*, 297 F.3d 1233, 1243 n.15 (11th Cir. 2002) (citation omitted); *see also United States v. Corbin*, 734 F.2d 643, 649 (11th Cir. 1984) (defendants failed to make adequate showing of prejudice, where they did "no more than express a generalized desire to testify as to some counts but not others"). Rather, "[i]n deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice," and should grant severance only if the defendant makes a showing of "specific and compelling prejudice," resulting in "fundamental unfairness." *United States v.*

*Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005) (citation omitted); *see also Smith*, 918 F.2d at 1559 ("Rule 14 requires the district court to balance the right of defendants to a fair trial ... against the interests of judicial economy and efficiency.") (citations omitted); *Benz*, 740 F.2d at 911 ("In deciding the motion to sever under Fed.R.Crim.P. 14, the trial judge was required to balance the prejudice to the defendant against the interests of judicial economy.").

      The fundamental problem with Lunceford's Motion is that he cannot demonstrate prejudice arising from joinder of the arson and obstruction counts. To be sure, Lunceford objects that if both sets of counts are tried together, he will face a Hobson's choice of either (1) testifying on the obstruction counts, and waiving his Fifth Amendment privilege or inviting comment on his silence as to the arson count; or (2) preserving his Fifth Amendment privilege on the arson count, and not testifying in his own defense as to the obstruction count. Lunceford is correct that his testimony on the obstruction counts would effectively waive his Fifth Amendment privilege as to various aspects of the arson. Indeed, by testifying as to his state of mind and motives for mailing the Valentine's Day cards to government agents who were investigating the fire, Lunceford would expose himself to vigorous cross-examination about other possible motives and intentions for sending those cards, including his involvement in that fire. The Eleventh Circuit has explained that once a defendant "took the stand voluntarily to testify in his own behalf, he waived the Fifth Amendment privilege to refuse to answer questions properly within the scope of cross-examination .... [A] witness may be cross-examined as to matters 'reasonably related' to the subject matter of the direct examination and matters affecting credibility." *United States v. Pilcher*, 672 F.2d 875, 877 (11th Cir. 1982).[2] Lunceford's contemplated obstruction testimony would plainly trigger a Government right to cross-examine him regarding other motives for sending the cards, including a guilty conscience because of his involvement in the arson or a desire to intimidate and discourage the investigators from pursuing

---

[2] *See also McGahee v. Massey*, 667 F.2d 1357, 1362 (11th Cir. 1982) ("When a defendant voluntarily testifies, he waives his fifth amendment right and places himself in the same position as any other witness, subject to cross examination as to matters revealed in his direct testimony."); *United States v. Beechum*, 582 F.2d 898, 908 (5th Cir. 1978) ("It is an inveterate principle that a defendant who takes the stand waives his fifth amendment privilege against self-incrimination at least to the extent of cross-examination relevant to issues raised by his testimony.").

the investigatory trail any further because that he knew that trail would ultimately lead to him.

But severing the claims would not eradicate Lunceford's dilemma. To the contrary, the danger of cross-examination about arson would be equally present if the offenses were joined in a single trial as it would be if the charges were severed. In either circumstance, testimony by Lunceford articulating his purportedly innocuous, light-hearted reasons for mailing the greeting cards to officers investigating the fire would subject him to cross-examination about his involvement in the arson because such involvement would provide an alternative, nefarious motivation for Lunceford's conduct as to the obstruction counts. Severing those counts would neither eliminate nor mitigate this risk. And of course, notwithstanding any severance, Lunceford's testimony in the obstruction trial would be admissible against him in any subsequent arson trial. The Eleventh Circuit underscored this point in *United States v. Benz*, 740 F.2d 903 (11th Cir. 1984). Benz was charged with conspiracy to import marijuana and with making a false statement to the U.S. Customs Service in an effort to recover a seized sailing vessel that had been used in the marijuana importation scheme. Much like Lunceford here, Benz sought severance of the two counts because he wanted to testify as to the false statement charge but not the conspiracy charge. Affirming the district court's denial of severance, the Eleventh Circuit rejected Benz's prejudice argument concerning his desire to testify only as to one count, reasoning as follows:

> "Benz misjudges the extent to which he could have limited his cross-examination had count two been tried alone. ... [A]t a trial restricted to count two the prosecutor could have exposed the smuggling enterprise and Benz' involvement in it in order to show why Benz might have been inclined to [make the false statement]. And if Benz took the stand, he would have subjected himself to the same cross-examination he would have faced had he testified in the proceedings below. ... Moreover, Benz' testimony could be used by the government in its case-in-chief or as impeachment in a subsequent trial on the conspiracy count. ... Knowing this, Benz might well have decided not to testify if he had been granted a severance."

*Benz*, 740 F.2d at 912 (citations omitted). The same is true here.

Making the *Benz* point more broadly, the Eleventh Circuit has observed in the Rule 14 context that "[u]nfair prejudice does not result when two offenses are joined if evidence admissible to prove each offense is also admissible to prove the other offense." *United States v. Gabay*, 923 F.2d 1536, 1540 (11th Cir. 1991). The defendant in *Gabay* was charged with

counterfeiting travelers' checks and bond-jumping.  In response to his argument that the district court erred by not severing the charges for trial pursuant to Rule 14, the *Gabay* court found that the defendant had failed to show unfair prejudice "since evidence of flight is admissible to prove guilty conscience and evidence of the counterfeiting is admissible to prove the motive for the flight."  *Id.*  The same symbiotic, inter-relatedness exists as between the arson charge and the obstruction charges against Lunceford.  Evidence of his involvement in the arson would be admissible in a trial on the obstruction charges to show his motive and intent in sending the Valentine cards to ATF and fire marshal authorities.  Likewise, evidence of Lunceford's harassment of the officers investigating the fire would be admissible against him in a trial on the arson charge to show consciousness of guilt as to the fire.  Because the offenses and evidence are intertwined in this manner, there can be no unfair prejudice in trying both sets of charges together.[3]

Expressed in terms of the balancing test employed by the Eleventh Circuit in Rule 14 cases, the Court finds that severing the charges against Lunceford into separate trials on the arson and obstruction counts would be incompatible with the efficient and economical administration of justice because of the overlapping evidence and extensive redundancies in the two proceedings.  Moreover, this Court is of the opinion that trying both sets of charges together

---

[3]     The Eleventh Circuit has opined that a defendant in Lunceford's position who seeks severance because he wishes to testify as to one charge but not as to others must demonstrate "that the charges were distinct in time, place, and evidence, that there was important evidence that he might have offered on one set of charges but could not, and that he had a strong need not to testify on the other counts."  *Hersh*, 297 F.3d at 1243 n.15 (citation and internal quotation marks omitted).  Viewed through the lens of this framework, Lunceford's Rule 14 Motion fails because, as explained *supra*, the arson and obstruction charges are not distinct in terms of evidence.  Even if they were, Lunceford has identified no "strong need" not to testify about the arson charge, but merely his own personal preference.  That is not good enough.  Nor does the Fifth Amendment furnish such a "strong need" here.  The fact remains that by testifying about the obstruction counts in a severed proceeding, Lunceford would open himself up to cross-examination about the arson charge, thereby stripping him of any cognizable Fifth Amendment protection in refraining from testimony about the arson count.  *See McGahee*, 667 F.2d at 1362 ("One can hardly testify in attack of evidence as to [motive or intent] and at the same time seek refuge behind the shield of the fifth amendment.").  Severance would not extricate Lunceford from this predicament, which is in no way a product of the joinder of those counts in a single trial.  He therefore cannot rely on the Fifth Amendment as a basis for his "strong need" showing.

would in no way impair Lunceford's right to a fair trial, much less prejudice him by injecting Fifth Amendment considerations that would not be equally present in severed proceedings.[4]

### III.   Conclusion.

For all of the foregoing reasons, the Court concludes that Lunceford has failed to make an adequate showing to warrant severing the charges against him pursuant to Rule 14(a). The Motion for Severance Due to Prejudicial Joinder (doc. 68) is **denied**.

**DONE** and **ORDERED** this 12th day of August, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[4] To the extent that Lunceford is concerned that the jury at a trial on both sets of counts might not consider each charge separately, that issue can be addressed satisfactorily via Basic Instruction 10.2 of the Eleventh Circuit Pattern Jury Instructions for Criminal Cases, which provides that a jury's finding of guilt or lack of guilt as to one offense charged should not affect its verdict as to any other offense charged. *See, e.g., United States v. York*, 428 F.3d 1325, 1334 (11th Cir. 2005) (district court's limiting instruction that jury is to consider each count of indictment separately, and that finding defendant guilty of one charged offense does not influence its verdict as to the other charged offenses, is significant factor favoring affirmance of denial of motion to sever); *United States v. Bennett*, 368 F.3d 1343, 1351 (11th Cir. 2004) ("We presume that a jury follows the instructions given to it by the district court."); *United States v. Walser*, 3 F.3d 380, 387 (11th Cir. 1993) ("[I]f the possible prejudice may be cured by a cautionary instruction severance is not required.").