IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                          ) | CRIMINAL NO. 08-00393-WS |
| ) | |
| THOMAS DAVID LUNCEFORD,   ) | |
| ) | |
|     Defendant.                       ) | |

**ORDER**

This matter comes before the Court on defendant's Motion for Special Verdict (doc. 98). The Motion has been briefed and is ripe for disposition.

**A.     Introduction.**

Defendant, Thomas David Lunceford, is charged with, *inter alia*, maliciously damaging and destroying by means of fire Nick's Restaurant in Gulf Shores, Alabama, in violation of 18 U.S.C. § 844(i). In the subject Motion, Lunceford decries the Government's circumstantial case against him and posits that there is considerable doubt whether an arson was committed at all. Based on this alleged weakness in the Government's evidence and the prospect of substantial Rule 404(b) evidence being used against him, Lunceford expresses concern that "there exists a very strong risk of unfair prejudice ... that the jury will be convinced that Mr. Lunceford committed a crime and consequently minimize evidence concerning whether, as a threshold matter, a crime was ever committed." (Doc. 98, at 3.)

To alleviate this purported prejudice, Lunceford requests that the arson trial be bifurcated such that jury decides in the first instance whether the Government has proved beyond a reasonable doubt that an arson occurred. Under this proposed approach, only if the jury answered that threshold question affirmatively would it hear evidence concerning the perpetrator of the arson and decide whether the Government has proved beyond a reasonable doubt that Lunceford (as opposed to the other putative suspects) committed that offense. Alternatively, Lunceford requests a special verdict form to force the jury to make specific findings as to whether an arson was committed before they tackle the question of whether Lunceford is

responsible for same.

## B. Defendant's Request for Bifurcation.

Neither side offers meaningful discussion of the circumstances under which bifurcation is warranted or the legal standards governing such requests. Nonetheless, the decision of whether to bifurcate a trial rests in the sound discretion of the district court. *See, e.g., United States v. Alviar*, --- F.3d ----, 2009 WL 2178683, *15 (7th Cir. July 23, 2009) ("A trial court has discretion to decide whether to bifurcate a trial, and we evaluate denial of a motion to bifurcate for abuse of discretion.").[1] The Eleventh Circuit has indicated that "[a] request to bifurcate the presentation of evidence on different elements of a single offense is extremely rare." *United States v. Birdsong*, 982 F.2d 481, 482 (11th Cir. 1993). Rarer still are the cases in which such requests have been granted. *See, e.g., United States v. Yakobowicz*, 427 F.3d 144, 152 (2nd Cir. 2005) ("in criminal cases there is no bifurcation, at least as to each count of an indictment, as to the guilt determination"); *United States v. Barker*, 1 F.3d 957, 958 (9th Cir. 1993) ("It is unusual, to say the least, to split the elements of crime into two parts for purposes of trial.") (citation omitted); *United States v. Collamore*, 868 F.2d 24, 27 (1st Cir. 1989) (noting dearth of authority "allowing, much less mandating, bifurcation of a trial by dividing it along the lines of the elements of the crime charged"); *United States v. Westry*, 2006 WL 538885, *2 (S.D. Ala. Mar. 3, 2006) ("bifurcation is proper in criminal cases only in narrowly circumscribed, finite circumstances"). The *Birdsong* panel, for instance, found no error in the denial of a defense motion to compartmentalize the trial proceedings based on the elements of the offense charged, reasoning that bifurcation in that manner may foster jury confusion about the piecemeal and incomplete issues presented to them, and may necessitate use of special interrogatories "which can unduly hinder jury deliberations by allowing the trial judge to carefully guide the jury to its conclusion." *Id.*

Lunceford's bifurcation request is closely aligned with the type of element-splitting motions that federal courts have so often rebuffed. Assuming application of the Eleventh Circuit

---

[1] *See also United States v. Moore*, 376 F.3d 570, 573 (6th Cir. 2004) ("The determination whether to bifurcate a particular count lies within the discretion of the district court ...."); *Contee v. United States*, 410 F.2d 249, 250 (D.C. Cir. 1969) ("Bifurcation lies in the first instance within the 'sound discretion' of the trial court.").

Pattern Jury Instruction for offenses under 18 U.S.C. § 844(i), the jury will be instructed that Lunceford can be found guilty of Count One only if the Government proves beyond a reasonable doubt: (i) that he destroyed Nick's Restaurant by means of fire; (ii) that he acted intentionally or with willful disregard of the likelihood that damage or injury would result from his acts; and (iii) that Nick's Restaurant was used in activities affecting interstate commerce. Lunceford would strip out certain components of an § 844(i) violation (namely, that someone burned down Nick's Restaurant and did so intentionally or with willful disregard) for the first phase of trial, then (if necessary) have a second phase as to whether that "someone" was Lunceford. Such a procedure would effectively divide the elements of Count One into two parts tried separately from each other, in contravention of principles enunciated in the *Birdsong* line of authorities.

More to the point, defendant's suggested bifurcation approach would be both confusing and inefficient. As to the former concern, obliging the jury to listen to extensive evidence and then make a metaphysical determination as to whether a nameless, faceless person – not necessarily Lunceford, but <u>anyone</u> – committed arson as to the Nick's Restaurant fire would likely perplex jurors wondering why they were being asked to decide the abstract issue of whether anyone committed a crime, rather than the specific question of whether Lunceford did so. As to the latter concern, the proposed bifurcation arrangement would result in trial proceedings that are awkward, cumbersome, disjointed and redundant. The Court finds it highly unlikely that the evidence can be neatly divided between issues of causation (for phase one purposes) and identity (for phase two purposes). Contrary to defendant's implicit suggestion, the evidence of whether Nick's Restaurant was intentionally burned down is not confined to the physical evidence at the scene and the expert opinions concerning same. For example, if the Government has evidence that Lunceford threatened to set fire to the building, that admission may be probative both as to causation (*i.e.*, that the Nick's Restaurant fire was the result of arson) and identity (*i.e.*, that Lunceford was the perpetrator). Defendant's proposed bifurcation would lead to duplicative trial proceedings, with overlapping evidence likely being introduced in both phases of the trial.

Furthermore, the undersigned finds that Lunceford has not shown that he would incur unfair prejudice if all elements of the § 844(i) offense are submitted to the jury for consideration and disposition simultaneously, rather than piecemeal. At best, Lunceford's prejudice theory is

that "there is a substantial likelihood that the jury will conflate the issues of causation and the identity of the person, if any, who set the fire, either on their own or at the government's invitation." (Doc. 115, at 2.)  But causation and identity are litigated side by side in criminal prosecutions every single day.  Fundamentally, the Government always must prove that a crime was committed and that the defendant was the culprit.  In a homicide case, prosecuting authorities must establish that there was a homicide and that the defendant is the killer.  In a sexual assault case, prosecuting authorities must establish that there was a sexual assault and that the defendant is the rapist.  In a § 846 controlled substances conspiracy case, the Government must likewise prove both that the requisite conspiracy existed and that the defendant was a participant in same.  There is nothing unique about Lunceford's case that would subject him to unusual or unfair prejudice if the Government attempts to prove both causation and identity at the same time.  This practice is entirely ordinary and conventional in criminal trials.  Besides, any prejudice to Lunceford can be effectively obviated by appropriate instructions (which the Court intends to give) directing the jury that it cannot convict Lunceford of Count One unless the Government proves beyond a reasonable doubt that Lunceford burned down Nick's Restaurant with the requisite mental state (*i.e.*, that an arson was committed and that Lunceford was responsible for it).  "The jury is presumed to follow the district court's instructions."  *United States v. Siegelman*, 561 F.3d 1215, 1239 (11th Cir. 2009); *see also United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008) (similar).  There is no reason to doubt the validity of that presumption here.

For all of these reasons, the Court declines defendant's invitation to bifurcate the trial into an initial phase to determine whether an arson was committed and, if necessary, a second phase to decide whether Lunceford was the perpetrator.  Causation and identity can be tried together, in a single consolidated trial, without prejudice to Lunceford and in a manner that minimizes risks of jury confusion while maximizing efficiency.  Defendant's request for bifurcation is **denied**.

C.     **Defendant's Request for a Special Verdict.**

In the alternative, Lunceford proposes that a special verdict form be used at trial "to ask the jury to determine if the government has proven beyond a reasonable doubt that the fire was

the result of arson before determining who was responsible for the crime." (Doc. 98, at 3.)[2]

"Special verdicts in criminal jury trials are generally disfavored." *United States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983); *see also United States v. Ramirez*, 537 F.3d 1075, 1083 (9th Cir. 2008) ("Although there is no per se prohibition, as a rule, special verdicts in criminal trials are not favored.") (citations and internal quotation marks omitted); *United States v. Udeozor*, 515 F.3d 260, 271 (4th Cir. 2008) ("as a general matter, there has been a presumption against special verdicts in criminal cases") (citation and internal quotation marks omitted); *United States v. Blackwell*, 459 F.3d 739, 766 (6th Cir. 2006) ("In general, special verdicts are not favored in criminal cases and may in fact be more productive of confusion than of clarity.") (citations and internal quotation marks omitted); *United States v. Pforzheimer*, 826 F.2d 200, 205 (2nd Cir. 1987) ("jury interrogatories in criminal cases are generally disfavored in this Circuit ...."). That said, district courts do have discretion to use special verdict forms in criminal cases where appropriate. *See, e.g., Udeozor*, 515 F.3d at 271 ("whether to use a special verdict form is a matter of the district court's discretion") (citation and internal quotation marks omitted).

In this case, the Court perceives no legitimate need to submit a special verdict form to the jury, requiring them to answer separately questions as to (i) whether they find beyond a reasonable doubt that an arson was committed, and (ii) if yes, whether they find beyond a reasonable doubt that Lunceford is the culprit. As stated *supra*, the Court will instruct the jury that they cannot return a guilty verdict on Count One unless the Government has proven beyond a reasonable doubt that Lunceford, intentionally or with willful disregard for the likelihood of damage, destroyed Nick's Restaurant by fire on or about November 8, 2007. In the undersigned's view, such an instruction (derived from or identical to the Eleventh Circuit pattern

---

[2] The only authority cited by Lunceford in support of this request is *United States v. Romo*, 914 F.2d 889 (7th Cir. 1990), which states the proposition that a judge may give a jury a special verdict form as to drug quantities and can consider the jury's advisory responses in fashioning independent sentencing determinations. *See id.* at 895. Of course, *Romo* predated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and is no longer good law on this point. Even in the absence of such abrogation, however, *Romo* would have no application here. Unlike in *Romo*, Lunceford's proposed special verdict form would not elicit recommendations for the sentencing court, but would instead compel the jury to answer specific questions regarding specific elements of the § 844(i) charge for guilt/innocence determinations. Nothing in *Romo* would endorse the use of special verdict forms for such a purpose.

charge for § 844(i) offenses) sufficiently allays the defense's concerns that the jury may convict Lunceford of arson because the Rule 404(b) evidence establishes that he is a "bad guy" without ever finding that an arson was committed. Indeed, the jury could not act as the defense fears without disregarding the clear pattern charge governing § 844(i) offenses, as well as applicable 404(b) limiting instructions. This Court will not blithely assume that jurors will disobey or misapply those instructions, especially in the absence of any showing or argument by the defense to overcome the presumption that the jury will follow all instructions given by the Court at trial. In short, the proposed special verdict is unnecessary here, and the Court exercises its discretion to deny the defense's disfavored request for same. *See United States v. Shenberg*, 89 F.3d 1461, 1472 (11th Cir. 1996) (finding no error in district court's refusal to require special verdict, where jury was properly instructed on elements of offense, given presumption that juries follow such instructions and lack of any showing that jury failed to adhere to same).

**D.      Conclusion.**

For all of the foregoing reasons, defendant's Motion for Special Verdict (doc. 98) is **denied**.

DONE and ORDERED this 20th day of August, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE